UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSELL SPAIN,

                Petitioner,

-against-

APRIL ANNE AGOSTINO; DOUGLAS C. PALMER,

                Respondents.

19-CV-4306 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Petitioner, appearing *pro se*, brings this petition for "an expedited a writ in the nature of mandamus." He seeks this Court's intervention in state court proceedings in Kings County, New York. By order dated January 9, 2019, the Court granted Petitioner's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, this action is dismissed.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The Court gleans the following facts from the petition and attachments. There has been litigation in the Kings County Family Court between Petitioner and Shenese Jones, who may be the mother of Petitioner's child. Petitioner filed in the Appellate Division, Second Department, "an expedited motion to vacate" a "void" Family Court order. The Second Department construed the motion as seeking "a preference in the calendaring of an appeal," and denied that request. Petitioner complains that the motion was denied "without explanation." Petitioner "attempted to file" a notice of appeal from the denial of that motion, but it was "denied by clerk. Which is an abuse of discretion." (ECF No. 2 at 2.) Petitioner seeks to have the Second Department file his notice of appeal "expeditiously." Defendants are the Clerks of Court of the United States District Court for the Eastern District of New York, and the Appellate Division, Second Department.

**DISCUSSION**

Petitioner brings this matter as a petition for a writ of mandamus. The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361. Mandamus relief is, however, a drastic remedy that should be used only in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). To obtain mandamus relief, a Petitioner must show that: "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to . . . the [relief] is clear and indisputable, and (3) the [relief] is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted, first alteration in original).

Petitioner filed a prior action in the Eastern District of New York seeking federal court intervention in his state court proceedings. *See Spain v. Kusakabe*, No. 17-CV-5393 (E.D.N.Y.

May 2, 2018) (dismissing mandamus petition against Family Court judge and court clerk). As noted in that decision, § 1361 does not authorize federal courts to compel the actions of a state court employee, *see Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials").

This Court has no authority over the state court. Moreover, Petitioner has not satisfied any of the elements for obtaining mandamus relief. *Hollingsworth*, 558 U.S. at 190.

District courts generally grant a *pro se* Petitioner an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend.

## LITIGATION HISTORY AND WARNING

In addition to the prior case already discussed, Petitioner has filed other cases seeking federal court intervention in the Kings County litigation involving Shenese Jones. *See Spain v. Lowery*, No. 19-CV-2992 (CM) (S.D.N.Y. Apr. 5, 2019) (transferring to the Eastern District mandamus petition to compel action by Family Court judge); *Spain v. Fisher*, No. 18-CV-4037 (E.D.N.Y. Aug. 22, 2018) (denying *habeas corpus* petition filed against Kings County Family Court judge); *Spain v. Gelb & Black, P.C.*, No. 18-CV-1551 (E.D.N.Y. May 2, 2018) (dismissing for lack of subject matter jurisdiction complaint against Shenese Jones's attorneys), *recons. denied*, (E.D.N.Y. Apr. 5, 2019), *appeal pending*, No. 18-1709-cv (2d Cir.).

In light of Petitioner's litigation history, this Court finds that Petitioner was or should have been aware that this Court cannot intervene in his state court proceedings. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)."] Petitioner is warned

that further duplicative or frivolous litigation in this Court will result in an order barring Petitioner from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. The writ of mandamus, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 21, 2019
         New York, New York

                                                                Louis L. Stanton
                                                                  U.S.D.J.